# EXHIBIT A

**MAZIE SLATER KATZ & FREEMAN, LLC**
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiffs

| | |
|---|---|
| RICHARD KAUL, M.D., INTERVENTIONAL PAIN, P.C., NEW JERSEY SPINE & REHABILITATION, P.A. and POMPTON ANESTEHSIA ASSOCIATES, P.C., <br><br> Plaintiffs, <br><br> vs. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; NON-NEW JERSEY BCBS HOME PLANS 1-10; ABC SELF-FUNDED PLANS 1-10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY <br><br> DOCKET NO.: L-468-12 <br><br> Civil Action <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiffs, Richard Kaul, M.D., Interventional Pain, P.C., New Jersey Spine & Rehabilitation, P.A. and Pompton Anesthesia Associates, P.C. (collectively the "Plaintiffs"), by way of Complaint alleges as follows:

### THE PARTIES

1. Plaintiff, Richard Kaul, M.D., is a resident of the State of New Jersey and a Medical Doctor licensed to practice medicine in the State of New Jersey. Dr. Kaul's principal place of business is located in Pompton Plains, New Jersey.

2. Plaintiff, Interventional Pain, P.C., is a professional service corporation incorporated and doing business in the State of New Jersey with its principal place of business located in Pompton Plains, New Jersey.

3. Plaintiff, New Jersey Spine & Rehabilitation, P.A. is a professional service corporation incorporated and doing business in the State of New Jersey with its principal place of business located in Pompton Plains, New Jersey.

4. Plaintiff, Pompton Anesthesia Associates, P.C. is a professional service corporation incorporated and doing business in the State of New Jersey with its principal place of business located in Pompton Plains, New Jersey.

5. At all relevant times, the Plaintiffs were and are "out-of-network" medical providers that rendered medical services to subscribers and/or dependents enrolled in the healthcare plans of the collective Defendants (as defined in paragraphs 6, 7 and 8 below).

6. Defendant, Horizon Blue Cross Blue Shield of New Jersey, Inc. ("Horizon") is a health service corporation authorized to do business and doing business in the State of New Jersey. Horizon's principal place of business is located at 3 Penn Plaza, Newark, New Jersey 07102.

7. Defendants, Non-New Jersey BCBS Home Plans 1-10, are health insurers or similar entities, and are fictitious defendants to be identified in the course of the litigation. Upon information and belief, Horizon provided administrative services only for the Non-New Jersey BCBS Home Plans 1-10.

8. Defendants, ABC Self-Funded Plans 1-10 are self-funded plans, including employee welfare plans, and are fictitious defendants to be identified in the course of the litigation. Upon information and belief, Horizon provided administrative services only for the ABC Self-Funded Plans 1-10.

## SUBSTANTIVE ALLEGATIONS

9. At all relevant times, the Defendants provided coverage for medical and healthcare benefits to their subscribers, members, participants and/or dependents (collectively the "Patients"). The coverage for medical and healthcare expense benefits enabled the Patients to seek treatment and care from "out-of-network" providers such as the Plaintiffs.

10. For each of the claims and dates of service at issue, the Defendants arbitrarily and capriciously denied or reduced medical and healthcare expense benefits to the Patients arising from the services rendered by the Plaintiffs.

11. The denial or reduction of benefits spans numerous services and claims with dates of service from June 23, 2009 through the present.

12. Specifically, the arbitrary and capricious acts of the Defendants in denying or reducing medical and healthcare benefits can be summarized as follows:

(a) Medical Necessity Denials

For those claims falling within this category, despite the Plaintiffs providing of additional information to process the claims when requested by the Defendants or their agents, the Defendants have continuously refused, and continue to refuse to process these claims. In addition, for some of these claims the Defendants or their agents issued a denial before the Plaintiffs even had an opportunity to provide the additional information necessary to process the claims.

(b) Credentialing Denials

For those claims falling within this category, the Defendants or their agents continuously and incorrectly asserted, and continue to assert, that the Plaintiffs were not

3

properly credentialed. This is a false contention by the Defendants because the Plaintiffs previously rectified any credentialing issue by providing the necessary information to the credentialing departments of the Defendants or their agents to ensure that the Plaintiffs were (and are) properly credentialed as providers of interventional pain management and spine surgery.

      (c)    No Response to Claims Submitted

In this third category, there are several claims for which the Defendants or their agents simply never responded to, and/or have refused and continue to refuse to respond to, and these claims continue to be improperly pended or denied without appropriate explanation.

      (d)    Pre-Certification Denials

Finally, for those claims falling within this category the Plaintiffs were told by the Defendants or their agents that pre-certification was not required, but upon submission of the claims for payment, denials were nonetheless issued for not having precertification.

13. The specific Patients, claims and dates of service that fall within each of the above four (4) categories are not set forth herein so that the Plaintiffs may protect the identity and confidential health information of each Patient in accordance with HIPAA. However, upon service of the Complaint on each Defendant, the Plaintiffs will provide to each Defendant the identifying information for each of the Patients, claims and dates of service at issue.

14. For each claim and date of service at issue, the Plaintiffs seek to enforce their rights to ERISA benefits from the respective Defendant that was the responsible payor of the benefits, that is to say, at this time the Plaintiffs are not requesting relief

4

against a particular Defendant that provided administrative services only ("ASO") for the particular claim on that date of service. However, the Plaintiffs reserve their rights to seek to enforce their rights to ERISA benefits from any Defendant who provided ASO should discovery demonstrate that such Defendant has culpability under ERISA.

15. The Plaintiffs have standing to bring this ERISA enforcement action because in each instance they: (1) exhausted all appeals or the filing of appeals or further appeals would be futile; and (2) the Patients provided assignments of benefits to the Plaintiffs. To the extent that Defendants contend that an anti-assignment clause(s) prohibits an assignment of benefits, Defendants have waived their rights to assert such clause(s) due to their, or their agents', regular course of dealings with the Plaintiffs during which these Defendants, or their agents, continuously dealt directly with the Plaintiffs regarding, inter alia, medical necessity and pre-certification issues, claim submissions, claim adjudication, claim follow-up and/or appeal issues. Furthermore Defendants are legally estopped from asserting an anti-assignment clause(s) based on positions asserted against Plaintiffs in prior litigation – specifically, that Plaintiffs may pursue their ERISA remedies.

## FIRST COUNT

### (ERISA 29 U.S.C. § 1132(a)(1)(B))

16. Plaintiffs repeat and reallege each and every allegation set forth above as if set forth in full herein.

17. The Defendants' actions as set forth above constitute an arbitrary and capricious breach of the terms of the subject insurance plans entered into between the Defendants and the Patients wherein the Defendants agreed to provide the Patients with

medical and healthcare expense benefits for the medical services provided by the Plaintiffs.

18. The Plaintiffs are entitled to recover said medical and healthcare expense benefits pursuant to ERISA, as an assignee of the benefits from the Patients, pursuant to the benefit plans at issue.

19. The denial of said medical and healthcare expense benefits constitutes a breach of the plans between the Defendants and the Plaintiffs, as assignees. The Plaintiffs therefore seek reimbursement and compensation for any and all benefits they should have received as a result of the Defendants' failure to provide coverage.

20. As a direct and proximate result of the aforementioned conduct of the Defendants, the Plaintiffs have been damaged in an amount equal to the amount of benefits to which the Plaintiffs should have been entitled to under the terms of the subject plans. In addition, the Plaintiffs are entitled to pre-judgment interest at the appropriate rate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for:

a) Damages and compensation payable under the subject ERISA benefit plans to reimburse the Plaintiffs for medical and healthcare expense benefits and payments that the Plaintiffs are entitled to receive as assignees of such benefits from the Patients;

b) Interest;

c) Costs of suit;

d) Attorneys' fees; and

e) Such other relief as the Court deems equitable and just.

6

## SECOND COUNT

### (ERISA 29 U.S.C. § 1132(g)(1))

21. Plaintiffs repeat and reallege each and every allegation set forth above as if set forth in full herein.

22. 29 U.S.C. § 1132(g)(1) authorizes an award of reasonable attorneys' fees and costs of an ERISA action.

23. As a result of the actions and failings of the Defendants, the Plaintiffs had to retain the services of legal counsel and have necessarily incurred attorneys' fees and costs in prosecuting this action. Further, the Plaintiffs anticipate incurring additional attorneys' fees and costs in pursuing this action to conclusion in an amount that will be calculated at the conclusion of the action.

24. The Plaintiffs therefore request an award of reasonable attorneys' fees and costs.

WHEREFORE, the Plaintiffs demand judgment against the Defendants for:

a) Damages and compensation payable under the subject ERISA benefit plans to reimburse the Plaintiffs for medical and healthcare expense benefits and payments that the Plaintiffs are entitled to receive as assignees of such benefits from the Patients;

b) Interest;

c) Costs of suit;

d) Attorneys' fees; and

e) Such other relief as the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

Plaintiffs hereby designate Eric D. Katz, Esq. as trial counsel in the above matter.

**MAZIE SLATER KATZ & FREEMAN, LLC**
Attorneys for Plaintiffs

By: _____
ERIC D. KATZ

DATED: January 16, 2012

8

## CERTIFICATION PURSUANT TO RULE 4:5-1(b) 2

ERIC D. KATZ, of full age, hereby certifies that:

1. I am a partner with the law firm of Mazie Slater Katz & Freeman, LLC, attorneys for Plaintiffs in this action.

2. To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any Court or any pending arbitration proceeding.

3. No other actions or arbitration proceedings are contemplated by these Plaintiffs against the Defendants at this time.

4. I know of no other parties that should be joined in this action at this time. However, during the course of litigation, the Plaintiffs expect to identify previously pled fictitious Defendants.

I certify that the foregoing statements made by me are true. I am aware that if the foregoing statements made by me are willfully false, I am subject to punishment.

_____
ERIC D. KATZ

DATED: January 16, 2012

H:\EDK\Kaul\Complaint and Jury Demand 12-9-11.doc

<u>Appendix XII-B1</u>



| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|
| Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1. **Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed** | PAYMENT TYPE: ☐ CK ☐ CG ☐ CA<br>CHG/CK NO.<br>AMOUNT:<br>OVERPAYMENT:<br>BATCH NUMBER: |

| ATTORNEY / PRO SE NAME<br>Eric D. Katz, Esq. | TELEPHONE NUMBER<br>(973) 228-9898 | COUNTY OF VENUE<br>Essex |
|---|---|---|
| FIRM NAME (if applicable)<br>Mazie Slater Katz & Freeman, LLC | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS<br>103 Eisenhower Parkway<br>Roseland, New Jersey 07068 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND ■ YES ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Richard Kaul, M.D., et al. | CAPTION<br>Richard Kaul, M.D., et al. v. Horizon Blue Cross Blue Shield of New Jersey, Inc., et al. |
|---|---|
| CASE TYPE NUMBER (See reverse side for listing)<br>508 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☐ YES ■ No | IF YES, LIST DOCKET NUMBERS |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ YES ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ☐ NONE ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>■ YES ☐ NO | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ■ BUSINESS |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ■ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ YES ■ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED?<br>☐ YES ■ NO | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:

Effective 04/01/2010, CN 10517-English

page 1 of 2

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999 OTHER (Briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE – PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Centrally Managed Litigation (Track IV)
- 280 Zelnorm
- 285 Stryker Trident Hip Implants
- 288 Prudential Tort Litigation

### Mass Tort (Track IV)
- 248 CIBA GEIGY
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE
- 272 BEXTRA/CELEBREX
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 275 ORTHO EVRA
- 277 MAHWAH TOXIC DUMP SITE
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 283 DIGITEK
- 284 NUVARING
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 601 ASBESTOS
- 619 VIOXX

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category
☐ Verbal Threshold   ☐ Putative Class Action   ☐ Title 59

ESSEX COUNTY - CIVIL DIVISION
SUPERIOR COURT OF NJ
455 MARTIN LUTHER KING JR BLVD
NEWARK                NJ 07102

COURT TELEPHONE NO. (973) 693-5529
COURT HOURS

                DATE:    JANUARY 20, 2012
                RE:      KAUL MD VS HORIZON BLUE CROSS BLUE SHIELD OF NJ
                DOCKET:  ESX L -000468 12

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 2.

DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:   HON CAROLYN E. WRIGHT

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM                   002
AT: (973) 693-6443 EXT 6431.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

                    ATTENTION:
                              MAZIE SLATER KATZ & FREEMAN
                              103 EISENHOWER PARKWAY
                              ROSELAND              NJ 07068

JUGHOL0