IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NJSR SURGICAL CENTER, L.L.C., NEW JERSEY SPINE & REHABILITATION, P.C. AND POMPTON ANESTEHSIA ASSOCIATES, P.C.,<br><br>    Plaintiffs,<br><br>    v.<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC., ANTHEM BLUE CROSS AND BLUE SHIELD OF OHIO, NEW JERSEY TRANSIT CORPORATION, ANTHEM BLUE CROSS AND BLUE SHIELD OF CONNECTICUT, COUNTY OF PASSAIC LOCAL 2273, CAREFIRST BLUE CROSS BLUE SHIELD, HEALTHNOW NEW YORK, INC., DOUGLAS MOTORS CORP., JM FALDUTO DENTAL PRACTICE, CJKES INC., MOONEY GENERAL PAPER CO., CITY OF JERSEY CITY, NON-NEW JERSEY BCBS HOME PLANS 1-10, PLANS 1-10,<br><br>    Defendants. | Civil Action No. 12-753(KM)(MCA)<br><br>Electronically Filed<br>Returnable March 18, 2013 |

**BRIEF OF DEFENDANT CAREFIRST OF MARYLAND, INC.
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)
OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT
PURSUANT TO RULE 12(e)**

ARCHER & GREINER
A Professional Corporation
One Centennial Square
Haddonfield, NJ  08033-0968
(856) 795-2121
Attorneys for Defendant,
CareFirst of Maryland, Inc.

BY:    Mark J. Oberstaedt, Esquire
Dated:  February 15, 2013                John P. Kahn, Esquire

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii
I. INTRODUCTION ........................................................................................................1
II. STATEMENT OF FACTS ...........................................................................................2
III. PROCEDURAL HISTORY..........................................................................................4
IV. ARGUMENT ................................................................................................................5
    A.    PLAINTIFFS DO NOT HAVE STANDING TO SUE UNDER ERISA..............6
    B.    SHOULD THE COURT RULE THAT PLAINTIFFS HAVE STANDING TO SUE CAREFIRST, PLAINTIFFS SHOULD BE REQUIRED TO FILE A MORE DEFINITE STATEMENT UNDER RULE 12(e) .....................10
V. CONCLUSION ...........................................................................................................15

# **TABLE OF AUTHORITIES**

**Page(s)**

**FEDERAL CASES**

*Abnathya v. Hofmann-LaRoche, Inc.*,
    2 F.3d 40 (3d Cir. 1993) ...................................................................................................... 11

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ................................................................................................... 10, 11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................... 11, 14

*Berger v. Edgewater Steel Co.*,
    911 F.2d 911 (3d Cir. 1990) ........................................................................................... 13, 14

*Briglia v. Horizon Healthcare Servs.*,
    Civ. Act. No. 03-6033, 2005 U.S. Dist. LEXIS 18708 (D.N.J. May 13, 2005) ....................... 7

*Brown v. Cont'l Baking Co.*,
    891 F. Supp. 238 (E.D. Pa. 1995) ......................................................................................... 14

*Cohen v. Independence Blue Cross*,
    820 F. Supp. 2d 594 (D.N.J. 2011) ......................................................................................... 7

*Curay-Cramer v. Ursuline Acad. of Wilmington Del., Inc.*,
    450 F.3d 130 (3d Cir. 2006) ................................................................................................... 5

*D'Amico v. CBS Corp.*,
    297 F.3d 287 (3d Cir. 2002) ................................................................................................. 13

*Demaria v. Horizon Healthcare Servs.*,
    Civ. Act. No.11-7298, 2012 U.S. Dist. LEXIS 161241 (D.N.J. Nov. 9, 2012) ....................... 6

*Fowler v. UPMC Shadyside,*
    578 F.3d 203 (3d Cir. 2009) ............................................................................................... 5, 6

*Franco v. Conn. Gen. Life Ins. Co.*,
    818 F. Supp. 2d 792 (D.N.J. 2011) ............................................................................ 6, 7, 8, 9

*Fuentes v. S. Hills Cardiology*,
    946 F.2d 196 (3d Cir.1991) .................................................................................................... 5

*Glen Ridge Surgicenter, LLC, v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*,
    Civ. Act. No. 08-6160, 2009 U.S. Dist. LEXIS 90600 (D.N.J. Sep. 20, 2009) ....................... 7

*Goldberg v. Unum Life Ins. Co. of Am.*,
   527 F. Supp.2d 164 (D.ME 2007) ..................................................................................... 11

*Harrow v. Prudential Ins. Co. of Am.*,
   279 F.3d 244 (3d Cir. 2002) ............................................................................................... 14

*Johnson v. UMWA Health & Ret. Funds*,
   125 Fed. Appx. 400 (3d Cir. 2005) .................................................................................... 11

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................................................. 6

*Manieri v. Board of Trustees of the Operating Engineer's Local 825 Pension Fund*,
   Civ. Act. No. 07-1133, 2008 U.S. Dist. LEXIS 71247 (D.N.J. Sept. 10, 2008) ................ 11

*Mansfield v. Lucent Technologies*,
   Civ. Act. No. 04-3589, 2006 U.S. Dist. LEXIS 49455 (D.N.J. July 20, 2006) ................. 13

*Metz v.United Counties Bancorp.*,
   61 F.Supp. 2d 364 (D. N.J. 1999) ..................................................................................... 13

*MHA, LLC v. Aetna Health, Inc.*,
   Civ. Act. No. 12-2984, 2013 U.S. Dist. LEXIS 19107 (D.N.J. Feb. 7, 2013) ................ 9, 10

*Mitchell v. Eastman Kodak Co.*,
   113 F.3d 433 (3d Cir. 1997) ............................................................................................... 11

*N. Jersey Brain & Spine Ctr. v. Conn. Gen. Life Ins. Co.*,
   Civ. Act. No. 10-4260, 2011 U.S. Dist. LEXIS 115757 (D.N.J. Oct. 6, 2011) ................ 8, 9

*Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*,
   388 F.3d 393 (3d Cir. 2004) ............................................................................................ 6, 8

*Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc.*,
   371 F.3d 1291 (11th Cir. 2004) ........................................................................................... 8

*Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*,
   113 F.3d 405 (3d Cir. 1997) ................................................................................................. 5

*Shepard v. Aetna Life Ins. Co.*,
   Civ. Act No. 09-1436, 2009 U.S. Dist. LEXIS 69457 (E.D. Pa. Aug. 7, 2009) ................ 13

*Thomas v. Independence Tp.*, 463
   F. 3d 285 (3d Cir. 2005) ................................................................................................... 11

*U.S. Land Reserves, L.P. v. JDI Realty, LLC*,
   Civ. Act. No. 08-5762, 2009 U.S. Dist. LEXIS 70721(D.N.J. Aug. 12, 2009) .................... 6

*Utility Workers Union of America, Local 601 v. PSE&G*,
  Civ. Act. No. 07-2378, 2009 U.S. Dist. LEXIS 9657 (D.N.J. Feb. 10, 2009) ........................ 13

*Warth v. Seldin*,
  422 U.S. 490 (1975) ........................................................................................................... 6

**STATE CASES**

*K. Woodmere Assocs., L.P. v. Menk Corp.*,
  316 N.J.Super. 306 (App. Div. 1998) ................................................................................. 9

*Yodzis v. Tilak*,
  Docket No. A-2015-07T2, 2009 N.J. Super. Unpub. LEXIS 490
  (App. Div. Feb. 26, 2009) ........................................................................................... 11, 12

**FEDERAL STATUTES**

29 U.S.C. § 1132(a)(1)(B) ................................................................................................ 1, 5, 13

29 U.S.C. § 1132(g)(1) ........................................................................................................... 1, 5

**RULES**

Fed.R.Civ.P 10(b) .................................................................................................................... 14

Federal Rule of Civil Procedure 8(a)(2) .................................................................................. 10

Rule 12(b)(6) of the Federal Rules of Civil Procedure ............................................................. 5

Rule 8 ....................................................................................................................................... 10

Rule 8(a) .................................................................................................................................... 1

Rule 8(a) and 10(b) .................................................................................................................. 14

Rule 12 ..................................................................................................................................... 15

Rule 12(b)(6) ................................................................................................................... 1, 5, 13

Rule 12(e) ........................................................................................................................ passim

Defendant CareFirst of Maryland, Inc. ("CareFirst") (incorrectly named in the Complaint as "CareFirst BlueCross BlueShield") submits the following brief in support of its motion to dismiss pursuant to Rule 12(b)(6) or, alternatively, for a more definite statement pursuant to Rule 12(e).

## I.     INTRODUCTION

Plaintiffs' Amended Complaint tests the outer limits of Rule 8(a) pleading by setting forth allegations, in the most conclusory of terms, against various health insurers, plan administrators and/or plan sponsors based on an alleged failure to pay or underpayment of medical claims. Plaintiffs base their entitlement to judicial relief on various theories of wrongful conduct by the Defendants (ranging from medical necessity denials, to credentialing denials, to failure to respond to claims for payment, to pre-certification denials to underpayment) without attempting to identify what conduct applies to which of the Defendants.

Even though the allegations are skeletal, the Amended Complaint contains enough facts to know that the Plaintiffs' only remaining claims against CareFirst—a denial of benefits claim under ERISA §502(a)(1)(B), ERISA 29 U.S.C. § 1132(a)(1)(B), and a claim for attorney's fees under ERISA 29 U.S.C. § 1132(g)(1)—must be dismissed as a matter of law. The Plaintiff health care providers do not participate in the ERISA-governed health care plan for the patient at issue and have no standing to sue for benefits in their own right. Instead, they claim standing to sue as a result of an alleged assignment of benefits from one of the plan participants, although the actual assignment document is not attached to, or otherwise described in, the Amended Complaint.

The governing ERISA plan document, however, contains an enforceable anti-assignment clause. Therefore, Plaintiffs do not hold a valid assignment and do not have standing to sue under ERISA §502(a)(1)(B). Absent standing to sue under ERISA, both of the remaining causes

1

of action should be dismissed as a matter of law. Even if the anti-assignment clause was somehow enforceable, Plaintiffs' failure to attach the actual assignment document requires dismissal in its own right.

Alternatively, CareFirst moves for a more definite statement under Rule 12(e). Because it lumps disparate claims against different Defendants that bear no relation to one another (other than the common Plaintiffs), and does so in the most skeletal fashion, the Amended Complaint does not provide CareFirst with sufficient information upon which it can reasonably defend itself. Among other things, before CareFirst can fairly answer, the Amended Complaint needs to identify the details of the assignment terms, the medical services supposedly provided, and the administrative remedies that we presume Plaintiffs exhausted before filing suit (otherwise, Plaintiffs claim would be barred under longstanding ERISA precedent).

## II.   STATEMENT OF FACTS

The following allegations are taken from Plaintiffs' Amended Complaint and documents referenced therein, which are attached to the Declaration of Jeff Wise ("Wise Decl.") submitted herewith.[1] The well-pleaded allegations of Plaintiffs' Amended Complaint are accepted as true for purposes of this motion only.

According to the Amended Complaint, Plaintiffs NJSR Surgical Center, LLC, New Jersey Spine and Rehabilitation, P.C. and Pompton Anesthesia Associates, P.C. are out-of-network medical service providers that rendered medical services to participants enrolled in various healthcare plans. (Am. Compl. at ¶ 22). Plaintiffs contend that each of the participants assigned to the Plaintiffs their respective rights to receive payment under the terms of these

---

[1] To the extent the Court finds that any of the documents discussed herein were not referenced in the Complaint, CareFirst requests that the Court convert the motion into one for summary judgment. *See U.S. Land Reserves, L.P. v. JDI Realty, LLC*, Civ. Act. No. 08-5762, 2009 U.S. Dist. LEXIS 70721 (D.N.J. Aug. 12, 2009).

2

various healthcare plans. (Am. Compl. at ¶28). Neither the alleged assignments nor the governing plan documents are attached to the Amended Complaint, although both are referenced in the pleading. (Am. Compl. at ¶¶28,30).

The Amended Complaint further alleges that, for various reasons that are not specifically associated with any individual claim (ranging from medical necessity denials, to credentialing denials, to failure to respond at all to submitted claims, to pre-certification denials to underpayment), Plaintiffs did not receive all of the benefits that they contend the health plans were obligated to provide to the participants. The Amended Complaint states generically that these disparate claims "span[] numerous services and claims with dates of service from June 23, 2009 through the present." (Am. Compl. at ¶24).

The Amended Complaint lacks any specificity regarding Plaintiffs' exhaustion of their administrative remedies. Rather than discuss the results of each administrative proceeding, the Amended Complaint alleges only in a generic manner that Plaintiffs either exhausted all of their administrative remedies or that such remedies did not need to be exhausted because it would be futile. (Am. Compl. at ¶28).

The only patient associated with CareFirst (whose name was withheld from the Amended Complaint but was provided to CareFirst's counsel by counsel for Plaintiffs) is a participant in the ERISA-governed, self-funded employer plan sponsored by Arbitron, Inc. ("the Arbitron Plan"). (Wise Decl. at ¶¶2-4). CareFirst is the claims administrator of the Arbitron Plan, but is not the insurer of that Plan. Rather, the Arbitron Plan is self-insured. (Wise Decl. at ¶5). As set forth in the governing plan document, the Arbitron Plan provides coverage for both Preferred Providers—(i.e. health care providers who have contracts with CareFirst)—and Non-Contracted Health Care Providers (those providers that do not contract with CareFirst). (Arbitron Plan,

3

Exhibit A to Wise Decl., at p. 3). Plaintiffs admit that they are Non-Contracted Health Care Providers, meaning they have no contract with CareFirst that provides for a direct right of payment. (Am. Compl. at ¶ 22).

The Arbitron Plan contains a clear and unambiguous anti-assignment provision that does not permit assignment to Non-Contracted Health Care providers. The provision specifically provides as follows:

> A Member may not assign his or her right to receive benefits or benefit payments under this Evidence of Coverage to another person or entity except for routine assignment of benefit payments to a Preferred Provider rendering Covered Services.

(Arbitron Plan at p. 27).

The Arbitron Plan makes clear to participants that, if they choose to seek health care services from a Non-Contracted Health Care Provider, they are responsible for any difference between the amount charged by that provider and the amount of the benefit paid by the Arbitron Plan:

> The Member is responsible for the difference between CareFirst's payment and the Non-Contracted Health Care Provider's charge.

(Arbitron Plan at p. 26).

### III.  PROCEDURAL HISTORY

On or about January 18, 2012, Plaintiffs and others filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County under docket number 468-12, captioned *Richard Kaul, M.D., Interventional Pain, P.C., New Jersey Spine & Rehabilitation, P.A. and Pompton Anesthesia Associates, P.C. v. Horizon Blue Cross Blue Shield of New Jersey, Inc.; Non-New Jersey BCBS Home Plans 1-10; ABC Self-Funded Plans 1-10*. CareFirst was not named as a party in the original Complaint.

4

On February 8, 2012, Defendant Horizon Blue Cross Blue Shield of New Jersey, Inc. filed a Notice of Removal. The Court entered a Consent Order permitting Plaintiffs to file an Amended Complaint, which was filed on December 3, 2012. The Amended Complaint removed some of the previously named Plaintiffs and added several new Defendants, including CareFirst. The Amended Complaint alleges the following three causes of action:

First Count: ERISA 29 U.S.C. § 1132(a)(1)(B) – (denial of benefits under ERISA);

Second Count: ERISA 29 U.S.C. § 1132(g)(1) (attorney's fees under ERISA)

Third Count: Common Law Breach of Contract.

Plaintiffs' counsel has agreed to voluntarily dismiss the common law breach of contract claim against CareFirst (Count Three), leaving only the two ERISA counts.

## IV.   ARGUMENT

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party, in responding to a pleading, may file a motion to raise the defense of "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion, the Court "must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.,* 113 F.3d 405, 417 (3d Cir. 1997) (citing *Fuentes v. S. Hills Cardiology*, 946 F.2d 196, 201 (3d Cir.1991)). While accepting "as true all well-pled allegations, [a Court] need not credit the non-movant's conclusions of law or unreasonable factual inferences." *Curay-Cramer v. Ursuline Acad. of Wilmington Del., Inc.,* 450 F.3d 130, 133 (3d Cir. 2006) (internal citations omitted).

The Third Circuit has directed district courts to conduct a two-part analysis when faced with a motion to dismiss under Rule 12(b)(6). "First, the factual and legal elements of a claim should be separated [and the Court] must accept all of the complaint's well-pleaded facts as true[ and] disregard any legal conclusions." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-11 (3d

5

Cir. 2009). Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the Plaintiffs have a plausible claim for relief. *Id.* at 211. If, at the conclusion of this analysis, the Court can only infer "the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief" and should be dismissed. *Id.* (internal quotations omitted).

In addition to the factual allegations in the body of the complaint, the Court may also consider documents "integral to or explicitly ruled upon" in the complaint:

> The Court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. "A 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."

*U.S. Land Reserves, L.P. v. JDI Realty LLC*, Civ. Act. No. 08-5762, 2009 U.S. Dist. LEXIS 70721 at *10 (D.N.J. Aug. 12, 2009) (citations omitted). If the Court considers matters outside the pleadings and documents referenced therein, it can convert the motion to one for summary judgment. *Id.* at *4.

      A.      **PLAINTIFFS DO NOT HAVE STANDING TO SUE UNDER ERISA.**

On a motion to dismiss, Plaintiffs have the burden of establishing standing to sue. *Franco v. Conn. Gen. Life Ins. Co.*, 818 F. Supp. 2d 792, 809-810 (D.N.J. 2011) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) and *Warth v. Seldin*, 422 U.S. 490, 508 (1975). It is well-established that standing to sue under ERISA § 502(a) is limited to participants or beneficiaries of the ERISA plan. *Demaria v. Horizon Healthcare Servs.*, Civ. Act. No.11-7298, 2012 U.S. Dist. LEXIS 161241 (D.N.J. Nov. 9, 2012) (citing *Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 399-400 (3d Cir. 2004)); *Cohen v.*

6

*Independence Blue Cross*, 820 F. Supp. 2d 594, 603 (D.N.J. 2011). Here, because they are not participants or beneficiaries, Plaintiffs have no standing to sue under ERISA in their own right, nor do they claim to have such a right. Rather, they claim standing to sue solely based upon the contention that the patient assigned his right to payment to Plaintiffs. While courts within this District have concluded that a provider may have derivative standing under § 502, they have done so only when there is a proper assignment. *Franco v. Conn. Gen. Life Ins. Co.*, 818 F. Supp. 2d 792, 808. Plaintiffs have not provided the actual assignment document, nor do they otherwise identify what was actually assigned.

The Arbitron Plan makes clear that the Plan does not permit assignments from Non-Contracted Health Care Providers such as Plaintiffs. The anti-assignment clause expressly provides, "A Member may not assign his or her right to receive benefits or benefit payments under this Evidence of Coverage to another person or entity except for routine assignment of benefit payments to a Preferred Provider rendering Covered Services." (Arbitron Plan at p.27)

Anti-assignment clauses in ERISA plan documents are enforceable. *See Cohen v. Independence Blue Cross*, 820 F. Supp. 2d 594, 604 (D.N.J. 2011) (ERISA Plan's anti-assignment provision is fatal to physician's claims that he stands in the shoes of a beneficiary); *Glen Ridge Surgicenter, LLC, v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, Civ. Act. No. 08-6160, 2009 U.S. Dist. LEXIS 90600 at *11-12 (D.N.J. Sep. 20, 2009); *Briglia v. Horizon Healthcare Servs.*, Civ. Act. No. 03-6033, 2005 U.S. Dist. LEXIS 18708, 12-14 (D.N.J. May 13, 2005) (citing several circuit and state cases supporting the enforceability of anti-assignment provisions). Courts have recognized that "[b]ecause ERISA-governed plans are contracts, the parties are free to bargain for certain provisions in the plan—like assignability. Thus, an unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and

enforceable." *Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1294-96 (11th Cir. 2004).

In this matter, the anti-assignment provision in the Arbitron Plan is clear, unambiguous and inherently reasonable. While it allows participants to assign their rights to payment to Preferred Providers that have agreed to participate in the Plan, it does not allow assignments to those health care providers that deliberately elected not to participate in the Plan.

As such, Plaintiffs have no valid assignment and, therefore, no standing to sue under ERISA. That does not mean that Plaintiffs are left without recourse to recover the difference between what they billed and what they have already been paid. Specifically, the Arbitron Plan provides that a participant who elects to use a Non-Contracted Health Care Provider is responsible for the difference. Therefore, to the extent Plaintiffs have any claim at all, it is against the participant.

Even if the anti-assignment clause was, for some reason, held to be unenforceable, the assignment allegations in this case are not sufficient to create standing for these Plaintiffs. Although the Third Circuit has not ruled on whether a health care provider may obtain standing to sue based on an assignment, the Circuit has noted that other circuit courts that have considered the issue have held that providers may assert such a claim "where a beneficiary or participant has assigned to the provider that individual's right to benefits under the plan." *Pascack Valley Hosp.*, 388 F.3d at 401 n.7. However, as discussed in *Franco*, the breadth of the assignment must be sufficiently pleaded to show that the participant knowingly assigned to the provider both the right to assert a claim for benefits and the right to pursue litigation under ERISA, as opposed to just an assignment of the right to receive payment. *Franco,* 818 F. Supp. 2d at 810; *but see N. Jersey Brain & Spine Ctr. v. Conn. Gen. Life Ins. Co.,* Civ. Act. No. 10-4260, 2011 U.S. Dist.

8

LEXIS 115757 (D.N.J. Oct. 6, 2011) (assignment of the payment for medical services is sufficient to confer derivative standing).

In *Franco*, in the context of a class action lawsuit, a group of nonparticipating healthcare providers alleged that they obtained assignments from patients authorizing them to receive reimbursement directly from defendant CIGNA. *Id*. at 805.  In ruling that the plaintiff's claims should be dismissed for lack of standing, the Court ruled that plaintiff's complaint provided "only the most conclusory assertions that various Provider Plaintiffs obtained an assignment of 'benefits' from their patients." *Id*. at 810.  The Court further ruled that "[s]imply asserting that CIGNA subscribers have assigned their CIGNA plan benefits fails to plausibly establish that each Provider Plaintiff has obtained at least one actual assignment of a patient's right to assert a claim for benefits and pursue litigation under ERISA." *Id*.  The Court ruled that an assignment limited to a provider's right to receive reimbursement "in no way can be construed as tantamount to assigning the right to enforce his or her rights under the plan." *Id*. at 810-811.

Very recently Judge Chesler dismissed a lawsuit on similar grounds. *MHA, LLC v. Aetna Health, Inc.*, Civ. Act. No. 12-2984, 2013 U.S. Dist. LEXIS 19107 (D.N.J. Feb. 7, 2013).  In a case where the Plaintiffs actually included the language of the purported assignments in the complaint, Judge Chesler explained that the assignments must specifically show that the patient assigned his or her right to receive the benefits of their health plan's coverage. *MHA, LLC*, 2013 U.S. Dist. LEXIS 19107 at *24-25.  Judge Chesler further explained that "the elements of an effective assignment include a sufficient description of the subject matter to render it capable of identification, and delivery of the subject matter, with the intent to make an immediate and complete transfer of all right, title, and interest in and to the subject matter to the assignee." *Id.* (citing 29 *Williston on Contracts* § 74:3 (4th ed. 2012); *K. Woodmere Assocs., L.P. v. Menk*

9

*Corp.*, 316 N.J.Super. 306, 314 (App. Div. 1998)). As a result, Judge Chesler ruled that MHA lacked standing to pursue its claims under ERISA and dismissed the entire complaint for lack of subject matter jurisdiction. *Id.* at 28. While Judge Chesler recognized that the court in *North Jersey Brain* ruled that there is no distinction between an assignment of payment and an assignment of plan benefits, he reasoned that "the only reasonable interpretation [from an assignment of payment only] is that the parties, for convenience, anticipated that the provider would be able to receive payment directly from the insurer without the beneficiary relinquishing his or her rights." *Id.* at 27.

As in *Franco and MHA, LLC*, Plaintiffs' conclusory allegations that they were assigned "benefits" fail to sufficiently plead facts to state a plausible claim for relief. Further, as detailed in the *MHA, LLC* matter, in order to establish that they have standing to sue CareFirst under ERISA, Plaintiffs must show that the participant intended to transfer its rights under his or her ERISA plan to Plaintiffs, thereby relinquishing any rights that he or she may have to pursue CareFirst should they be balance-billed. Plaintiffs' pleading fails to establish the most basic requirements of a valid assignment and, therefore, must be dismissed.

> **B. SHOULD THE COURT RULE THAT PLAINTIFFS HAVE STANDING TO SUE CAREFIRST, PLAINTIFFS SHOULD BE REQUIRED TO FILE A MORE DEFINITE STATEMENT UNDER RULE 12(e).**

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief.' . . . [T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v.*

10

*Twombly*, 550 U.S. 544, 555 (2007)) (internal citations omitted).  Thus, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Under Rule 12(e), a defendant may move for a more definite statement "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed.R.Civ.P. 12(e).  The Third Circuit has "highlight[ed] the particular usefulness of the Rule 12(e) motion."  *Thomas v. Independence Tp.,* 463 F. 3d 285 (3d Cir. 2005).  Although several Courts have noted that Rule 12(e) motions are disfavored, they have done so under the rationale that discovery is the more appropriate vehicle for obtaining more detailed information.  Moore's Federal Practice 3d, § 12.36[1].  However, in an ERISA claim for benefits case like the one *sub judice*, the Court's review under the arbitrary and capricious standard is "limited to that evidence that was before the administrator when it made the decision being reviewed." *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997);  *Abnathya v. Hofmann-LaRoche, Inc.*, 2 F.3d 40, 48 n.8 (3d Cir. 1993); *see also Johnson v. UMWA Health & Ret. Funds*, 125 Fed. Appx. 400, 405 (3d Cir. 2005).  Further "[a] dispute with the merits of the decision, without evidence of procedural bias or irregularity, does not suffice for purposes of granting discovery." *Manieri v. Board of Trustees of the Operating Engineer's Local 825 Pension Fund*, Civ. Act. No. 07-1133, 2008 U.S. Dist. LEXIS 71247 at *9 (D.N.J. Sept. 10, 2008).  In other words, there will not be any discovery here to fill in the many blanks that exist in the Amended Complaint.  Plaintiffs cannot rely on the prospects of discovery to later obtain the facts necessary to support their defective pleading.

ERISA "is a comprehensive statute designed to promote the interests of employees and their beneficiaries by regulating the creation and administration of employee benefit plans."

*Yodzis v. Tilak*, Docket No. A-2015-07T2, 2009 N.J. Super. Unpub. LEXIS 490 at *12 (N.J. App. Div. Feb. 26, 2009) (citing *Goldberg v. Unum Life Ins. Co. of Am.,* 527 F. Supp.2d 164, 168 (D.ME 2007)).  The ERISA statute is intended to comprehensively govern the area of employer-sponsored benefits:

> ERISA's comprehensive regulation of employee welfare and pension benefit plans extends to those that provide "medical, surgical, or hospital care or benefits" for plan participants or their beneficiaries "through the purchase of insurance or otherwise." The federal statute controls the administration of benefit plans by imposing reporting and disclosure mandates, participation and vesting requirements, funding standards, and fiduciary responsibilities for plan administrators.  It envisions administrative oversight, imposes criminal sanctions, and establishes a comprehensive civil enforcement scheme.  It also pre-empts some state law.

*Id.* (quoting *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 650-51 (1995)).

In this case, Plaintiffs have sued several different defendants based on different transactions and occurrences (the specifics of which are not identified by Plaintiffs in their pleading) which have different statutory and contractual obligations (which are also not identified by Plaintiffs in their pleading).  In addition, Plaintiffs have sued on different theories of liability and recovery that may give rise to different defenses.  As an example, by letter dated February 13, 2013, Defendant New Jersey Transit Corporation advised the Court that, as a State agency, ERISA is not applicable to its medical benefits plan and that the New Jersey Contractual Liability Act requires that a contract action against it be brought in the Superior Court of New Jersey.  (Docket Item No.: 65).  By contrast, CareFirst is being sued in its capacity as a claims administrator for the self-funded Arbitron Plan, which is a private employer health benefits plan governed by ERISA.  The different statutory and contractual obligations of the various

12

Defendants give rise to different defenses and scopes of review, which Plaintiffs' obtuse pleading makes impossible to reconcile.

Specific to CareFirst, among ERISA's requirements is the mandate that plan participants must exhaust the administrative remedies available to them before they can file suit seeking benefits. It has long been held that, except in limited circumstances, courts "will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Utility Workers Union of America, Local 601 v. PSE&G*, Civ. Act. No. 07-2378, 2009 U.S. Dist. LEXIS 9657 at *9 (D.N.J. Feb. 10, 2009); *see also Mansfield v. Lucent Technologies*, Civ. Act. No. 04-3589, 2006 U.S. Dist. LEXIS 49455 (D.N.J. July 20, 2006).

As this Court explained in *Metz v.United Counties Bancorp.*, 61 F.Supp. 2d 364, 383 (D. N.J. 1999), "[a] court may not entertain an ERISA section 1132(a)(1)(B) claim for benefits unless the plaintiff has complied with and exhausted all administrative prerequisites required by the plan itself." Other Courts in this district have held the same. *See*, *e.g.*, *Utility Workers Union of America, Local 601 v. PSE&G*, Civil Action No. 07-2378, 2009 WL 331421 at *3 (D.N.J. Feb. 10, 2009). In ERISA denial of benefits cases, "courts have found that a failure to exhaust administrative remedies may constitute grounds for dismissal under Rule 12(b)(6)." *Shepard v. Aetna Life Ins. Co.*, Civ. Act No. 09-1436, 2009 U.S. Dist. LEXIS 69457 at *10 (E.D. Pa. Aug. 7, 2009) (citing *Menendez v. United Food & Comm. Workers Local, 450T, AFL-CIO*, Civ. Act. No. 05-1165, 2005 WL 1925787 at *1-2 (D.N.J. Aug. 11, 2005)); *see also D'Amico v. CBS Corp.*, 297 F.3d 287, 290-93 (3d Cir. 2002); *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990). The exhaustion requirement is strictly enforced in the Third Circuit. *Utility Workers Union*, 2009 WL 331321 at *3.

Plaintiffs' Amended Complaint does not identify any specific administrative proceedings. Rather, it alleges generically that they "exhausted all appeals or the filing of appeals or further appeals would be futile …." (Am. Compl. at ¶28). Thus, Plaintiffs' fail to identify if they are contending that they properly appealed the claims at issue with CareFirst or, rather, if they are contending that it would have been futile to do so. The two require different analyses. Futility is an exception to the exhaustion requirement that applies only when the plaintiff makes "a clear and positive showing of futility." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (*quoting Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990) and *Brown v. Cont'l Baking Co.*, 891 F. Supp. 238, 241 (E.D. Pa. 1995)). But before the Court can examine Plaintiffs' position as it pertains to CareFirst, Plaintiffs must first identify sufficient factual matter that gives rise to its entitlement to relief as it pertains to CareFirst. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also* Fed.R.Civ.P 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances").

Plaintiffs' desire to amass into a single case multiple disparate claims against different Defendants with no common factual predicate, and without identifying any facts to differentiate the legal theories and facts that apply to any one Defendant, runs afoul of Rule 8(a) and 10(b) and necessitates a more definite statement pursuant to Rule 12(e).

## V. CONCLUSION

For the foregoing reasons, Defendant CareFirst respectfully requests that the Court dismiss plaintiff's complaint under Rule 12 or, alternatively, grant its motion for a more definite statement under Rule 12(e).

Respectfully submitted,

ARCHER & GREINER, P.C.
Attorneys for Defendant,
CareFirst of Maryland, Inc.


By:  /s *John P. Kahn*
     Mark J. Oberstaedt, Esq.
     John P. Kahn, Esq.

Dated: February 15, 2013.

9413366v1

15