UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NJSR SURGICAL CENTER, L.L.C., NEW JERSEY SPINE & REHABILITATION, P.C., and POMPTON ANESTHESIA ASSOCIATES, P.C.,**<br><br>Plaintiffs,<br><br>v.<br><br>**HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, INC.; ANTHEM HEALTH PLANS, INC.; COUNTY OF PASSAIC; CAREFIRST BLUE CROSS BLUE SHIELD; HEALTHNOW NEW YORK, INC.; CITY OF JERSEY CITY; ORANGE-ULSTER SCHOOL DISTRICTS HEALTH PLAN; NON-NEW JERSEY BCBS HOME PLANS 1-10, and ABC SELF-FUNDED PLANS 1-10**<br><br>Defendants. | Civ. No. 12-753 (KM)<br><br>OPINION |

**MCNULTY, U.S.D.J.:**

  Plaintiffs are health care providers and defendants are health care insurers or administrators of health insurance claims. Plaintiffs allege that they rendered medical care to persons who were insured under defendants' plans, but that defendants wrongfully denied, underpaid, or disregarded the patients' claims for reimbursement. Plaintiffs sue as alleged assignees of their patients' right to pursue payment under the health insurance plans. Defendant CareFirst Blue Cross Blue Shield ("CareFirst"), from whom Plaintiff seeks compensatory damages and attorneys' fees pursuant to 29 U.S.C. § 1132(a)(1)(B) and § 1132(g)(1), has filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(e). CareFirst challenges Plaintiffs' standing to sue, an issue I first addressed in my opinion and order of October 24, 2013 [ECF No. 150], which motivated the filing of Plaintiffs' Fourth

Amended Complaint ("4AC") on December 9, 2013 [ECF No. 155]. As set forth *infra*, I will **DENY** CareFirst's motion in all respects. I do so on the papers, without oral argument. *See* Fed. R. Civ. P. 78(b).

**Background and Procedural History**

Plaintiffs sue a variety of insurers and insurance plan administrators, alleging that they denied coverage to Plaintiffs' patients. Some of the defendants administer or provide health insurance plans subject to ERISA, while some administer or provide non-ERISA plans, or appear to deal in both types of plans. CareFirst appears to be the administrator of an ERISA-governed plan under which at least one of Plaintiffs' non-payment claims is brought. (Br. Supp. Mot. at p. 2).

ERISA confers standing to sue upon a plan "participant," "beneficiary," or "fiduciary." Health care providers like Plaintiffs here may enjoy standing to sue that derives from that of their patients who are "participants" or "beneficiaries" of an ERISA plan, provided the patients have assigned to the provider their right to benefits. (*See* 10/24/2013 Opinion at pp. 10-12). CareFirst first challenged Plaintiffs' standing to sue in its motion to dismiss Plaintiffs' third amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 74]. I granted that motion to dismiss, finding the third amended complaint facially deficient with regard to allegations of derivative standing, and granted plaintiffs leave to file a fourth amended complaint. (*Id.* at p. 13). I did so because the third amended complaint alleged only that "the Patients provided assignments of benefits to the Plaintiffs," a bare allegation that contained insufficient facts to establish that plaintiff health-care providers stood in their patients' shoes for purposes of standing. (*See id.* at 11-13). I held that, in a subsequent amended complaint, Plaintiffs needed to state the terms of any written assignment of the patients' right to insurance coverage payments. (*Id.*).

Plaintiffs filed their 4AC on December 9, 2013. [ECF No. 155]. As in the prior complaint, they named CareFirst in two counts: one seeking full coverage in the form of compensatory damages, pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), and one seeking attorneys' fees, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1). (*See* 4AC, Counts One and Two). The current complaint, however, supplements the prior allegation that "the Patients provided assignments of benefits to the Plaintiffs." The new, 4AC alleges:

> The assignments of benefits, in relevant part contain the following, or substantially similar language, that the Patients: "hereby assign and transfer to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates, all of my rights, title, and benefits payable by my insurance carrier for

2

> services performed by [Plaintiffs]" and "authorize[s] and assign[s] to New Jersey Spine & Rehabilitation, NJSR Surgical Center and Pompton Anesthesia Associates the right to file suit and to obtain counsel and enter into legal or other actions on my behalf and/or in my name...for any claims against my insurance carrier,...plan administrator, payor or third party. This authorization includes the right to assignments to pursue declaratory relief or other legal remedies."

(*Id.* at ¶¶ 21, 23).

CareFirst, in support of its motion to dismiss, points to a letter contained in the administrative appeals record incorporated by reference in the 4AC. (*See id.* at ¶ 19). The letter was sent from Richard Kaul, M.D., Plaintiff NJSR's principal, to Defendant Horizon, and it allegedly relates to the one specific patient claim referred to in the complaint for which CareFirst was plan administrator. (Br. Supp. Mot. at p. 3). That letter states that "if the insurance company does not make an additional payment, the member will be responsible at 100%." (Kaul Letter, Quirke Cert. at Ex. A). This, says CareFirst, is an admission that is inconsistent with Plaintiff's allegation that it is the beneficiary of a full assignment of benefits from the patient. (Br. Supp. Mot. at p. 7).

### The Pending Motions and Contentions

CareFirst moves pursuant to Federal Rule of Civil Procedure 12(b)(1) for an order dismissing Plaintiffs' claims against it with prejudice for lack of ERISA standing sufficient to confer subject matter jurisdiction. The attack appears to be factual, not facial, in nature, as it cites extrinsic evidence that allegedly contradicts the 4AC's allegations regarding the assignment. (*Id.* at p. 5-7). CareFirst alternatively moves, pursuant to Federal Rule of Civil Procedure 12(e), that the Court require Plaintiffs to file a more definite statement of their claims. CareFirst laments that it "continue[s] to wonder what, exactly, Plaintiffs are contending CareFirst did wrong to merit its inclusion in the lawsuit." (*Id.* at 9).

Plaintiffs offer a three-part opposition, contending: 1) that the 12(b)(1) motion must be denied as a procedurally improper challenge to statutory standing, pursuant to established Third Circuit precedent; 2) that it has satisfied the derivative standing pleading standard, and that even if the Kaul Letter is considered, it does not contradict the allegations of the complaint; and 3) that there is no justification for a more definite statement at this stage in the litigation, where CareFirst clearly understands its connection to this matter.

3

**Analysis**

         *1.*      *Is CareFirst's Factual Attack on Standing, Brought Pursuant to Rule 12(b)(1), Procedurally Viable?*

     The first part of CareFirst's motion seeks "to dismiss for lack of subject matter jurisdiction" pursuant to Fed. R. Civ. P. 12(b)(1). (Notice of Motion [ECF No. 166]; Br. Supp. Mot. at 5). CareFirst cites to case law definitions of the two types of such motions—facial and factual attacks—but oddly does not characterize its own motion as one or the other. (Br. Supp. Mot. at 5). Its motion seems to be intended as a factual attack, because it relies on an extrinsic letter to undercut the allegations of the 4AC regarding the assignment that allegedly confers standing. (Br. Supp. Mot. at 6-7 ("While Plaintiff alleged a full and complete assignment of rights from the various individuals, the Kaul Letter directly contradicts the allegation (at least as to the Patient)…Plaintiffs have not sustained their burden of establishing standing to sue CareFirst under ERISA.")).

     Plaintiffs make threshold procedural arguments. First, they say that the Third Circuit requires "that a challenge to statutory standing must be made under 12(b)(6) and not as a 12(b)(1) motion, and that a plaintiff is entitled to the deferential standard provided by 12(b)(6)." (Pltfs' Opp Br. at 7 (citing *Cohen v. Horizon Blue Cross Blue Shield of N.J.*, 2014 U.S. Dist. LEXIS 8414 (D.N.J. Jan. 21, 2014))). Second, they say that a factual challenge to standing under 12(b)(1) is only permitted after a defendant has filed an answer and engaged in discovery; prior to that time, a 12(b)(1) motion can only be assessed as a facial attack on the sufficiency of the pleading. (*Id.* at 8 (citing, *inter alia*, *Cardio-Med. Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983))).

     Plaintiffs' first contention is not exactly correct, at least as articulated. In *Cohen*, defendant insurer and plan administrator brought a 12(b)(1) motion challenging the Plaintiff's standing on grounds very similar to those here. Judge Linares applied a 12(b)(6) standard, assessing only the facial sufficiency of the complaint. 2014 U.S. Dist. LEXIS 8414 at *10-14. He cited *Maio v. Aetna, Inc.*, 221 F.3d 472, 482 n.7 (3d Cir. 2000) in support of his approach. Neither *Cohen* nor *Maio* says that a defendant must challenge standing with a Rule 12(b)(6) motion rather than a 12(b)(1) motion. What they hold is that, when the court is considering a 12(b)(1) motion based on a plaintiff's alleged failure to plead the "statutory prerequisites to suit," it should apply the familiar Rule 12(b)(6) standard to the allegations of the complaint. *See Cohen* at *10, n. 1. *Cohen* states familiar procedural standards for the assessment of a facial challenge to standing. *See id.*

     Plaintiffs' second procedural argument has greater support. The Third Circuit has noted that a Rule 12(b)(1) motion is facial in nature when filed prior to any answer, because it necessarily—or at least ordinarily—calls for

assessment of the pleadings only. *Cardio-Med. Assoc.*, 721 F.2d at 75 ("[D]efendants' motion under Rule 12(b)(1) was filed prior to any answer. The motion is therefore a facial challenge to jurisdiction.") (citing *Mortensen v. First Federal Sav. & Loan Ass'n.*, 549 F.2d 884, 891 (3d Cir. 1977) ("at issue in a factual 12(b)(1) motion is the trial court's jurisdiction...there is substantial authority that <u>the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case</u>...the plaintiff will have the burden of proof that jurisdiction does in fact exist." (emphasis added))); *see also Nuveen Mun. Trust v. Withumsmith Brown, P.C.*, 692 F.3d 283, 293 (3d Cir. 2012) (quoting *Mortensen*); *Bennett v. Atlantic City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) ("A motion to dismiss on the basis of Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint.").

CareFirst has not yet answered or taken part in discovery. I am not presented with a complete factual record that would permit me to make a final determination as to the facts surrounding the assignment(s) that would allegedly create standing here. The current record does not permit me, either way, to "satisfy [myself] as to the existence of [this Court's] power to hear the case" under standing rules. *See Mortensen* at 891. This is why the Third Circuit has expressly recognized that Rule 12(b)(1) motions brought at this stage in a litigation will be assessed as facial attacks. *See Cardio-Med Assoc.* at 65; *see also Bennett* at 678.

I therefore apply the familiar 12(b)(6) standard here, in relation to the 4AC (as I did upon CareFirst's previous motion regarding the third amended complaint). Plaintiff's newly added, detailed allegation quotes what appears to be a complete, comprehensive assignment of patients' rights to recover payment from and pursue litigation against the patients' insurers. Such an allegation is sufficient to satisfy either the straightforward pleading standard of Judge Ackerman and Judge Salas, *see Premier Health Ctr., P.C. v. UnitedHealth Group*, 2012 U.S. Dist. LEXIS 44878, 17-19 (D.N.J. Mar. 30, 2012) and *Wayne Surgical Center v. Concentra Preferred Systems*, 2007 U.S. Dist LEXIS 61137 at *11-12 (D.N.J. Aug. 20, 2007), or the more exacting standard imposed by Judge Chesler in *MHA, LLC v. Aetna Health, Inc.*, 2013 U.S. Dist. LEXIS 25743 at *18-26 (D.N.J. Feb. 25, 2013).

Alternatively, if—as CareFirst seems to contemplate—I were to treat this as a factual attack based on the record before me, I would nevertheless conclude that further development would be necessary before I could dismiss the 4AC on standing grounds. The circumstances surrounding the assignment, by their nature, would tend to be extrinsic to the allegations of the complaint,

even as supplemented by the administrative record or a letter selected by a defendant, which itself requires interpretation in light of the circumstances.[1]

Accordingly, I will **DENY** CareFirst's 12(b)(1) motion to dismiss. If CareFirst still wishes to prove that Plaintiffs have no standing to sue it, it must answer, participate in discovery, and make a motion based on a properly developed record.

### 2. Should Plaintiffs Be Required To Submit a More Definite Statement Of Their Claims Against CareFirst?

CareFirst moves in the alternative for a more definite statement of claims, pursuant to Rule 12(e). (*See* Br. Supp. Mot. at 7-9). CareFirst complains that none of the 4AC's allegations, including the administrative review documents incorporated by reference, "so much as mention CareFirst—leaving CareFirst to continue to wonder what, exactly, Plaintiffs are contending CareFirst did wrong to merit its inclusion in the lawsuit." (*Id.* at 9).

Plaintiffs riposte that "CareFirst has everything it needs to identify the claims at issue and the bases for plaintiffs' challenges to the adjudication of those claims." The 4AC, they say, gives adequate notice, Plaintiffs have already produced some evidence to CareFirst, and CareFirst clearly understands and has acknowledged that (at least so far) the allegations contain one patient's claim under an ERISA plan administered by CareFirst. (Br. Opp. Mot. at pp. 13 *et seq.*). Plaintiffs also note that every other Defendant seems to have managed to cope with the task of answering the complaint. (*Id.* at p. 16).

A motion made pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed R. Civ. P. 12(e). The object of this process is to get to the merits, not to produce the perfect pleading. Such motions, then, "are disfavored, and are generally limited to remedying unintelligible, rather than insufficiently detailed, pleadings." *Hakim v. Bay Sales Corp.*, 2007 U.S. Dist. LEXIS 68871 at *11 (D.N.J. Sept. 17, 2007) (Linares, D.J.)

CareFirst states vaguely that it needs notice of "what [Plaintiffs] are claiming." Yet the 4AC sets forth the types of "improper acts of the Defendants in denying or reducing medical and healthcare expense benefits." CareFirst itself identifies one document in the administrative records that "identifies CareFirst as the plan administrator for [a] Patient—which is accurate." (4AC at

---

[1]   I am skeptical that statements in a letter (and somewhat oblique statements at that) will undo a formal, signed assignment. (Pltfs' Br. Opp. at 10-11). Plaintiffs also argue that additional facts tend to undercut CareFirst's interpretation of the letter's meaning. (*Id.* at 11). Such evidence may be placed on the record at the proper time, should CareFirst renew its application.

¶ 18; Br. Supp. Mot. at p. 9). In its briefing, CareFirst speaks articulately about that one patient "(whose name was withheld from the 4AC but was provided to CareFirst's counsel by counsel for Plaintiff (as alleged in the 4AC at paragraph 19))," who it acknowledges "is a participant in the ERISA-governed, self-funded employer plan sponsored by Arbitron, Inc" that CareFirst administers. (Br. Supp. Motion at p. 2). In short, as the 4AC notes, "Plaintiffs and Defendant Horizon provided to each Defendant the identifying information for each of the Patients, claims and dates of service at issue." (4AC at ¶ 19). The nature of Plaintiffs' claims, particularly as supplemented by that disclosure, is clear enough.

"[T]he net result of granting a Rule 12(e) motion simply may be an increase in the time and effort expended by the litigants in refining the pleadings, with little accomplished in terms of circumscribing the scope of discovery or defining the issue." Wright & Miller, Federal Practice and Procedure: Civil 3d § 1376 n.14. That guidance applies here. CareFirst should seek the answers its desires through discovery, not through further motions directed to the face of the pleadings.

I accordingly **DENY** CareFirst's alternative motion for a more definite statement.

## CONCLUSION

For the reasons stated herein, I **DENY** Defendant CareFirst's motion to dismiss, or, in the alternative, for a more definite statement, in its entirety. An appropriate order follows.

_____
HON. KEVIN MCNULTY, U.S.D.J.

Dated: June 23, 2014
Newark, New Jersey